**Walter Guy PILCHER**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections.**

Civ. No. 3-1752.

United States District Court
N. D. Texas,
Dallas Division.

Oct. 19, 1967.

Walter Guy Pilcher, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Howard M. Fender, and Thomas H. Routt, Asst. Attys. Gen., Austin, Tex., for respondent.

## MEMORANDUM ORDER DISMISSING APPLICATION FOR WRIT OF HABEAS CORPUS

ESTES, Chief Judge.

Applicant, Walter Guy Pilcher, is in custody of the Texas Department of Corrections, Ellis Unit, Huntsville, Texas, pursuant to a judgment and sentence of fifteen years imposed by the Criminal District Court of Dallas County, Texas, in Cause No. 9294–JH, following a conviction of the felony offense of robbery by assault. Applicant contends that he was denied his right to counsel at preliminary hearing and in all legal proceedings, in that the assignment of counsel was made at such a time and under such circumstances as to preclude giving of effective aid and preparation of the case for trial. Applicant also alleges a denial of due process, in that there was a failure to arraign him without unnecessary delay. Applicant filed an application for a writ of habeas corpus in the Texas Court of Criminal Appeals, which was denied without written order on October 11, 1965. There has been no previous hearing held by a justice or judge of the United States and no abuse of the writ, and applicant's case has not been reviewed by the Supreme Court of the United States.

The application for writ of habeas corpus under consideration shows on its

face that applicant has made no attempt to present these contentions to the proper Texas court in a state habeas corpus proceeding pursuant to the provisions of Article 11.07 of the 1965 Vernon's Ann. Texas Code of Criminal Procedure, as amended. The recent opinion of the Texas Court of Criminal Appeals, in Ex parte Jack Young, 418 S.W.2d 824 (1967), states that:

"[W]e now hold that Art. 11.07 of the 1965 Code of Criminal Procedure as amended: * * * [1] supplies statutory authority for the resolution of contested factual issues material on the question of whether the petitioner (more properly referred to as 'applicant' Art. 11.13 V.A.C.C.P.) is illegally restrained under a judgment of conviction in a felony case after a full and fair hearing on the issues tendered by the petition * * * [2] Adds to Art. 11.07 provisions which relate to petitions presented to the judge of the convicting court which offer the most effective and speedy procedure for obtaining relief from confinement under a void felony conviction * * * [and (3)] Is consistent with the Supreme Court's concepts of due process of law and its rules promulgated in Townsend v. Sain [372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770]."

The recent opinion of the United States Court of Appeals, Fifth Circuit, in McGarrah v. Dutton, 381 F.2d 161 (1967), states:

" * * * The doctrine of comity requires that a federal habeas petitioner exhaust state court remedies that are available to him when he applies for federal habeas corpus relief. Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. * * * Georgia has just enacted the new comprehensive post-conviction procedure * * *. Georgia has equipped itself with flexible adequate tools to meet Georgia's responsibility in the vindication of federal constitutional rights in the trial of criminal cases. This is where it belongs."

The *McGarrah* decision is made applicable to Texas habeas corpus proceedings by amendment of Article 11.07 of 1965 Texas Code of Criminal Procedure.

Applicant, having failed to exhaust the presently available and adequate state post-conviction remedy in the convicting state court, is not now entitled to a plenary hearing in this court. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963); Case v. State of Nebraska, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed. 2d 422 (1965); Carroll v. Beto, (N.D. Tex.1967), 270 F.Supp. 812, aff'd 379 F.2d 329 (5 Cir. 1967).

It is, therefore, ordered that this application for writ of habeas corpus be and the same is hereby dismissed without prejudice.